**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Adrian Johnson,<br><br>                Plaintiff(s),<br><br>vs.<br><br>Maningo Law, et al.,<br><br>                Defendant(s). | 2:24-cv-00827-RFB-MDC<br><br>**REPORT AND RECOMMENDATION** |

Pending before me are *pro se* plaintiff Adrian Johnson's Financial Certificate/IFP Application (ECF No. 12) and Complaint (ECF No. 1-1). For the reasons stated below, I RECOMMEND dismissing plaintiff's Complaint without leave to amend and denying his IFP application as moot.

**DISCUSSION**

**I. BACKGROUND**

On May 2, 2024, plaintiff filed a *Motion/Application to Proceed In Forma Pauperis* ("IFP") (ECF No. 1) and his Complaint (ECF No. 1-1). On May 9, 2024, I denied his IFP application because he was missing [1] a financial certificate that was signed by both him and a prison or jail official; and [2] an inmate trust fund account statement. ECF No. 5. I ordered plaintiff to either pay the filing fee or file a new, fully complete IFP application. *Id.* Plaintiff requested and I granted extensions. ECF Nos. 9, 11. Thus, the deadline to file a fully complete IFP application was November 22, 2024. Plaintiff filed a "Financial Certificate" on November 26, 2024. ECF No. 12. The Financial Certificate contained the signed financial certificate and the inmate trust fund account statement. *Id.* However, plaintiff failed to file a new IFP application along with those two documents. Thus, I consider plaintiff's standalone "Financial Certificate" (ECF No. 12) as an incomplete IFP application, which would be grounds to deny his application without screening plaintiff's Complaint. However, for judicial economy, I screen plaintiff's complaint for any claims that are (i) frivolous or malicious; (ii) fails to state a claim upon

1  which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such
2  relief. *See* 28 U.S.C. § 1915(e).
3  **II. COMPLAINT**
4      **A. Legal Standard**
5      When a plaintiff seeks to proceed IFP, the court must screen the complaint or the amended
6  complaint purporting to cure any defects of the original complaint. 28 U.S.C. § 1915(e). Section 1915(e)
7  states that a "court shall dismiss the case at any time if the court determines that (A) the allegations of
8  poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon
9  which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such
10 relief." 28 U.S.C. §§ 1915(e)(2)(A), (B)(i)-(iii). Dismissal for failure to state a claim under § 1915(e)
11 incorporates the same standard for failure to state a claim under Federal Rule of Civil Procedure Rule
12 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) A complaint should be dismissed
13 under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of
14 her claims that would entitle him to relief." *Buckley v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).
15     "A document filed pro se is "to be liberally construed" and a pro se complaint, however
16 inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."
17 *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)
18 (internal citations omitted). If the Court dismisses a complaint under § 1915(e), the plaintiff should be
19 given leave to amend the complaint with directions as to curing its deficiencies, **unless** it is clear from
20 the face of the complaint that deficiencies could not be cured through amendment." *Cato v. United*
21 *States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (emphasis added).
22 //
23 //
24 //
25 //

### B. Analysis

Plaintiff brings his civil rights claims under 42 U.S.C. § 1983. Plaintiff names as defendants Lance Maningo and Lauria Lynch-German, attorneys who represented him in his state criminal case (C-16-318686-1)[1]. ECF No. 1-1. Plaintiff alleges violations of his Sixth Amendment Right to Assistance of Counsel. ECF No. 1-1. More specifically, plaintiff alleges that his Sixth Amendment rights were violated because of "professional malpractice/ineffective assistance of counsel." *Id.*

Plaintiff's claims are barred as a matter of law. First, plaintiff failed to establish that defendants acted under of color of state law, one of the essential elements of a § 1983 claim. Second, plaintiff's ineffective assistance of counsel claim allegedly leading to his conviction is barred under *Heck v Humphrey*, 512 U.S. 477, 483-87 (1994). Lastly, plaintiff's apparent malpractice claim is more appropriately a state court matter.

### a. Section 1983 and Ineffective Counsel Claims

The elements of a § 1983 action "have been articulated as: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by the conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Simply put, a plaintiff must "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.3d 1104, 1114 (9th Cir. 2015). Acting under the color of state law is one of the essential elements for a § 1983 claim. *Id.*

Plaintiff failed to allege and cannot show that defendants Maningo and Lynch-German acted under the color of state law. This is not something that plaintiff can cure with an amendment because plaintiff's claims against his former defense lawyers, acting as his defense lawyers, are barred as a matter of law. A public defender or private defense attorney does not act under the color of state law

---

[1] *State of Nevada v. Adrian Johnson* | C-16-318686-1, https://www.clarkcountycourts.us/Portal/Home/WorkspaceMode?p=0#DispositionEvents; See May 28, 2021 Status Check: Confirmation of Counsel; See also, October 15, 2021 further Proceedings (Lauria Ann Lynch-German appearing as counsel for Adrian Johnson).

when acting in the role of advocate. *See Georgia v. McCollum*, 505 U.S. 42, 53, 112 S. Ct. 2348, 120 L. Ed. 2d 33 (1992); *Polk County v. Dodson*, 454 U.S. 312, 320-25, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981); *Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008); *Szijarto v. Legeman*, 466 F.2d 864, 864 (9th Cir. 1972) (per curiam) (claim of ineffective assistance of a retained trial attorney was not a cognizable claim under section 1983 because "an attorney, whether retained or appointed, does not act 'under color of state law.'"). Therefore, plaintiff cannot bring a § 1983 claim against his prior defense counsel Maningo and Lynch-German. Accordingly, I recommend dismissing plaintiff's Section 1983 claims without leave to amend.

### b.  *Heck* Doctrine and Ineffective Counsel Claims

Plaintiff apparently claims that defendants' ineffective counsel led to his conviction, which bars his claims under the "*Heck* doctrine." *See Heck v Humphrey*, 512 U.S. 477, 483-87 (1994). Under *Heck*, a party who is convicted of a crime is barred from bringing suit under a § 1983 if judgment in favor of that party would necessarily imply the invalidity of conviction or sentence. *See Whitaker v. Garcetti*, 486 F.3d 572, 582 (9th Cir. 2007). Here, plaintiff's ineffective counsel claim necessarily impacts the validity of his conviction or sentence. *See e.g., Plaintiff's Compl. at ¶4* (alleging that defense counsels' alleged malpractice and ineffectiveness "sabotaged" his criminal case).  Therefore, plaintiff cannot bring his Sixth Amendment claim of ineffective counsel under a § 1983 claim. *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (finding that under *Heck*, a Sixth Amendment claim of ineffective assistance of counsel is precluded under §1983).

Because plaintiff claims that defendants' malpractice and ineffectiveness led to his confinement, such claims must be pursued by way of habeas corpus relief per 28 U.S.C. § 2254. *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (Claims or challenges to the validity or duration of confinement are matters of habeas corpus relief per 28 U.S.C. § 2254). Therefore, plaintiff's Sixth Amendment claims for ineffective counsel are better brought under a habeas proceeding. *See Nelson v. Campbell*, 541 U.S. 637, 643, 124 S. Ct. 2117, 158 L. Ed. 2d 924 ("§1983 must yield to the more specific federal habeas

statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence."). Accordingly, I recommend dismissing plaintiff's ineffective counsel claim without leave to amend.

        **c. Malpractice Claims**

Plaintiff's malpractice claim against the defendants is not a proper Section 1983 claim but a common law claim that should be brought in the state courts. *See Villalobos v. Milone*, 2014 U.S. Dist. LEXIS 181358, *3 (D. Nev. Nov. 5, 2014) ("[S]tate courts generally adjudicate claims for attorney malpractice, and this Court does not have subject matter jurisdiction over the claim."). Although supplemental jurisdiction could otherwise allow a plaintiff to bring a state law malpractice claim together with viable federal claims, plaintiff here did not allege a viable federal claim under § 1983 and therefore, no supplemental jurisdiction exists. *See* 28 U.S.C. § 1367 ("[T]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction."); *see also Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1189 (9th Cir. 2001) (holding district court may refuse to exercise supplemental jurisdiction over state law claims once all the federal claims are dismissed). Accordingly, I recommend dismissing plaintiff's malpractice claim without leave to amend.

**III. IFP APPLICATION**

Because I recommend that plaintiff's Complaint be dismissed in its entirety without leave to amend, I also recommend that his Financial Certificate (ECF No. 12), which I construe to be his IFP application, be denied as moot without leave to amend.

For completeness of the record, I also recommend denying his IFP application (ECF No. 12) for the separate reason that it is incomplete. Under the PLRA, a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). For an inmate to apply for in forma pauperis

status, the inmate must submit all three of the following documents to the Court: (1) a completed Application to Proceed in Forma Pauperis for Inmate, which is pages 1–3 of the Court's approved form, that is properly signed by the inmate twice on page 3; (2) a completed Financial Certificate, which is page 4 of the Court's approved form, that is properly signed by both the inmate and a prison or jail official; and (3) a copy of the inmate's prison or jail trust fund account statement for the previous six-month period. See 28 U.S.C. § 1915(a)(1)–(2); Nev. Loc. R. Prac. LSR 1-2. Plaintiff failed to submit a completed IFP application along with his financial documents. Thus, denying the IFP application is also proper on this basis.

## IV. CONCLUSION

Plaintiff's claims are barred as a matter of law and amendment would be futile. Therefore, I recommend dismissing his Complaint (ECF No. 1-1) without leave to amend. I also recommend denying his IFP application (ECF No. 12) as moot and because it is incomplete.

ACCORDINGLY,

**IT IS RECOMMENDED that:**

1. The Complaint (ECF No. 1-1) is dismissed in its entirety without leave to amend.

2. The IFP application (ECF No. 12) is denied as moot and because it is incomplete.

DATED this 30th day of December 2024.

IT IS SO RECOMMENDED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.